[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kathleen A. Havens, age 49, whose maiden name was Kathleen Mica, and the defendant, Robert C. Havens, age 48, were married on January 17, 1969 at Seymour, Connecticut. The parties have three children issue of the marriage, Robert, age 20, Maria, age 19 and Michael, a minor, age 14.
From the evidence, it is apparent that the marriage has broken down irretrievably. A major cause of problems in the marriage has been financial. The defendant has engaged in numerous employments which produced income in excess of $76,000 in 1989, but only $12,000 in 1993. During the course of the marriage, the plaintiff's mother, her brother and brother-in-law have had to advance considerable sums of money to supplement the family income and prevent foreclosure of the family home. The defendant claims that arguments over money in front of the children made life intolerable and caused him to leave the family home to reside with his mother in North Haven, Connecticut.
Prior to May 21, 1993, the parties were joint owners of real estate located at 337 Oxbow Drive, Torrington. On that date, the defendant transferred his undivided one-half interest to the plaintiff at the request of the plaintiff and her mother who was advancing over $20,000 to prevent foreclosure. At the time of the transfer the property was subject to two mortgages, one a home equity loan of $91,000 dated January 14, 1988. Simultaneously, with the transfer the parties entered into an agreement as follows:
AGREEMENT
WHEREAS, Robert C. Havens, of 337 Oxbow Drive in the Town of Torrington, County of Litchfield, and State of Connecticut, and Kathleen A. Havens, of 337 Oxbow Drive in the Town of Torrington, County of Litchfield, and State of Connecticut (said persons being husband and wife), are desirous of a resolution of their varying CT Page 10123-B rights in and liabilities for their jointly owned real property known as 337 Oxbow Drive in Torrington, Connecticut.
NOW, THEREFORE, the parties in consideration of their mutual promises and obligations as set forth herein, covenant and agree as follows:
 1. Robert C. Havens shall transfer to Kathleen A. Havens by Quit-Claim Deed all his right, title and interest in said real property, subject to mortgages to Bank of Boston Connecticut and to Northeast Savings F.A. fka Hartford Federal Savings and Loan Association and further subject to any easements, encumbrances and restrictions of record.
 2. Kathleen A. Havens shall be solely responsible for, and shall hold Robert C. Havens harmless from, any and all liability arising out of the mortgages to Bank of Boston Connecticut and to Northeast Savings F.A. fka Hartford Federal Savings and Loan Association.
The plaintiff seeks a two-thirds contribution from the defendant on the balance of the home equity loan. Much of the funds from that loan went into a business corporation of which the plaintiff was a party. Likewise, income from it was devoted to family expenses rather than personal obligations of the defendant. For these reasons, the court rejects that request.
At the present time, the plaintiff operates a day care facility at her home earning $250.00 per week. The defendant is an insurance, representative earning $300.00 per week plus $65.00 per week as a bar tender. The defendant has $17,000.00 in debts and the plaintiff $4,696.00. She claims an additional $143,700.00 in debts but these are sums advanced by relatives and would appear to be gifts. CT Page 10123-C
From the evidence, the court finds that the marriage has broken down irretrievably and that the following orders should enter.
1. A decree of dissolution on the grounds of irretrievable breakdown.
2. The defendant shall pay to the plaintiff one dollar per year as alimony.
3. The plaintiff shall have custody of the minor child Michael and the defendant shall have reasonable, liberal and flexible visitation including, but not limited to every other Saturday. The parties shall alternate Christmas Eve, Christmas Day, New Year's Day, Easter, Memorial Day, July 4th, Labor Day and Thanksgiving. The plaintiff shall have Mother's Day and the defendant Father's Day.
4. The defendant shall pay child support in the amount of $80.00 per week. The defendant shall maintain medical insurance for the parties' minor child. The parties shall split all unreimbursed medical, dental, orthodontic, psychiatric and prescriptive expenses on a 50/50 basis.
5. The defendant shall maintain a life insurance policy on his life in the face amount of $100,000 and shall name the plaintiff as irrevocable beneficiary so long as he has an obligation to pay alimony or child support.
6. The parties shall each assume the debts as listed on their respective financial affidavits and shall further hold the other party harmless thereon.
7. The plaintiff shall retain whatever assets are in existence with regard to her day care business.
8. The parties shall retain ownership of those items of personal property and assets currently in their respective possession. In addition, the defendant shall be entitled to properly listed below if in the possession of the plaintiff.
(1) Navy cruise book; (2) high school yearbook; (3) reel to reel tape recorder with reel tapes — especially his recording of Band while overseas; (4) two photo albums from time in Navy; CT Page 10123-D (5) discharge papers (DD214) in a white envelope with other Navy papers; (6) souvenire (sic) German Luger and German Bayonet that belonged to defendant's uncle who is deceased. These are in a canvass bag in the back of Michael's closet; (7) Henry Mancini and other jazz albums.
Decree may enter accordingly.
PICKETT, J.